UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YOLANDA BELTRAN,                                    No. C 09-4034 MHP (pr)

      Petitioner,                                **ORDER OF DISMISSAL**

  v.

PAUL COPENHAVER, warden,

      Respondent.
                                     /

      Yolanda Beltran, a prisoner at the satellite prison camp of the Federal Correctional Institution in Dublin, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the alleged refusal of the Bureau of Prisons ("BOP") to exercise its discretion to consider her individually for placement in a community correctional center. and home confinement   Beltran has not exhausted the BOP's administrative appeals process, however.

      Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for writ of habeas corpus. Castro-Cortez v INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see, e.g., Laing v Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

Beltran urges that the exhaustion requirement should be waived in her case because it would be a futile endeavor. She argues that the BOP issues a form letter stating that the individual has been considered and denied based on individual needs while "staff" tell prisoners that they are being categorically denied. Generalized statements by unidentified staff members who may or may not be authorized to speak to the issue do not show a sufficient justification for her to skip the administrative appeal process. The actual BOP decisionmakers should decide her case before the court does. She also argues that exhaustion is futile because the deputy director who will review the warden's decision is married to him. However, the regulations provide for the regional director, and then the general counsel, to review the warden's decision, and do not provide for the deputy director to play a role in the review process. See 28 C.F.R. § 542.15. It is far from clear that Beltran's pursuit of administrative remedies would be futile. Waiver of the exhaustion requirement is not warranted under these circumstances.

The petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to Beltran filing a new petition after exhausting the BOP's administrative appeals process. The in forma pauperis applications are DENIED as unnecessary because petitioner has sufficient funds to pay the $5.00 filing fee. (Docket # 2.) The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 7, 2009

Marilyn Hall Patel
United States District Judge